IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **VIRTUALAGILITY, INC.** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:13-CV-00011 |
| | § | |
| **SALESFORCE.COM, INC., DELL,** | § | |
| **INC., DR. PEPPER SNAPPLE GROUP,** | § | |
| **INC., KIMBERLY-CLARK CORP.,** | § | |
| **NBCUNIVERSAL, INC.,** | § | **JURY TRIAL DEMANDED** |
| **LIVINGSOCIAL, INC., FEDEX CORP.,** | § | |
| **and BMC SOFTWARE, INC.,** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff VirtualAgility, Inc. ("VirtualAgility" or "Plaintiff") alleges for its Complaint against Defendants Salesforce.com, Inc.; Dell, Inc.; Dr. Pepper Snapple Group, Inc.; Kimberly-Clark Corp.; NBCUniversal, Inc.; LivingSocial, Inc.; FedEx Corp., and BMC Software, Inc., as follows:

In this action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, the Defendants are accused of past and ongoing direct and/or indirect infringement of **U.S. Patent No. 8,095,413 ("the '413 Patent"),** titled **"Processing Management Information,"** covering inventions by VirtualAgility's founder Douglas Beaven.

## THE PARTIES

1. Plaintiff **VirtualAgility, Inc.** ("VirtualAgility") is a corporation duly organized and existing under the laws of the State of Delaware that maintains its principal place of business in Winchester, Massachusetts. VirtualAgility owns all rights and title to the '413 Patent.

2. Defendant **Salesforce.com, Inc.,** ("Salesforce.com") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at The Landmark, One Market, Suite 3000, San Francisco, California, 94105. Salesforce.com's registered agent in Texas appears to be CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

3. Defendant **Dell, Inc.,** ("Dell") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Dell Way, Round Rock, Texas 78682. Dell's registered agent in Texas appears to be Corporation Services Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant **Dr. Pepper Snapple Group, Inc.,** ("DRP") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 5301 Legacy Drive, Plano, Texas 75024. DRP's registered agent in Texas appears to be CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

5. Defendant **Kimberly-Clark Corporation** ("Kimberly Clark") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 351 Phelps Drive, Irving Texas 75038. Kimberly Clark's registered agent in Texas appears to be CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

6. Defendant **NBCUniversal, Inc.,** ("NBC") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 30 Rockefeller

Plaza, New York, New York 10112. NBC's registered agent appears to be CT Corporation System, 111 Eighth Avenue, New York New York 10011.

7. Defendant **LivingSocial, Inc.,** ("LivingSocial") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1445 New York Ave, NW FL 2nd, Washington DC 20005. LivingSocial's registered agent appears to be Corporation Service Company, 2711 Centerville Rd, Suite 400, Wilmington, Delaware 19808.

8. Defendant **FedEx Corporation** ("FedEx") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 942 South Shady Grove Road, Memphis, Tennessee 38120. FedEx's registered agent in Texas appears to be CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

9. Defendant **BMC Software, Inc.,** ("BMC") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2101 CityWest Boulevard, Houston, Texas 77042. BMC's registered agent in Texas appears to be CT Corporation, 350 N. St. Paul St. Suite 2900, Dallas, Texas 75201.

10. Defendants Dell, DRP, Kimberly Clark, NBC, LivingSocial, FedEx, and BMC are referred to herein as the "Customer Defendants."

## BACKGROUND AND NATURE OF THE ACTION

11. VirtualAgility was founded by entrepreneurs with a deep understanding of business operations, collaboration and information technology. Among those entrepreneurs was the inventor of the '413 Patent, Douglas Beaven. In 1998, Mr. Beaven founded Agility Management Partners, VirtualAgility's predecessor, in pursuit of his vision of enabling companies to leverage technology in support of distributed team collaboration and knowledge delivery across an enterprise and to support interoperation among multiple groups and

organizations, and carried forward and built on that work with the founding of VirtualAgility. The fruits of Mr. Beaven's vision are reflected in the '413 Patent and multiple other United States patents for which he is an inventor and in VirtualAgility's software products and solutions.

12. Under Mr. Beaven's leadership, Agility Management Partners and VirtualAgility were early pioneers in providing comprehensive solutions that allow managers and users to autonomously access, share, and modify strategic and tactical information of mutual interest across geographical and institutional divides without the need for special programming. VirtualAgility's technology empowers managers and employees in various groups and organizations to work together effectively across geographical and institutional barriers, and has been used by, among others, the U.S. Department of Homeland Security and the U.S. Department of Defense in mission-critical applications requiring high degrees of security, accessibility, usability, and breadth of functionality. VirtualAgility's innovation has resulted in multiple United States patents issued to Mr. Beaven, and others at the company.

13. The '413 Patent is titled **"Processing Management Information."** A true and correct copy of the '413 Patent is attached hereto as **Exhibit A**. The named inventor is a VirtualAgility founder, Douglas F. Beaven. The '413 Patent issued from nonprovisional application No. 09/312,740, filed on May 14, 1999, which claims the benefit of provisional application No. 60/133,152, filed on May 7, 1999. On January 10, 2012, the United States Patent and Trademark Office issued the '413 Patent.

14. Through an assignment, VirtualAgility acquired and now holds all rights, title, and interest to the '413 Patent.

15. Salesforce.com offers products and services that are designed to enable users of those products and services to autonomously access, assemble, share, and modify strategic and tactical information regardless of institutional boundaries and without special programming. An example of such a service offered by Salesforce.com is its cloud-based "Sales Cloud" Customer Relationship Management (CRM) software as a service. Salesforce.com's CRM applications purportedly help its customers track, manage, analyze, and share information regarding sales and sales prospects, customer service, support, and marketing operations.  Salesforce.com also offers tools to allow users to build their own collaborative software platform that enables users to autonomously access, assemble, share, and modify strategic and tactical information regardless of institutional boundaries and without special programming, including for CRM and multiple other solutions.

16. Accordingly, VirtualAgility as owner of all right, title, and interest to the '413 Patent brings this action against defendants Salesforce.com, Dell, DRP, Kimberly-Clark, NBC, LivingSocial, FedEx, and BMC and accuses them of past and ongoing direct and/or indirect infringement of the '413 Patent. By this action, VirtualAgility seeks to halt the Defendants' illegal conduct and obtain compensation for their past and ongoing infringement. Each Defendant has unjustly benefitted from its unauthorized past and ongoing use of VirtualAgility's inventions as claimed in the '413 Patent. Salesforce.com, generating billions of dollars in revenue and employing over eight thousand people, and its corporate customer co-Defendants should not be allowed to continue using VirtualAgility's patented technology, without VirtualAgility's permission and without justly compensating VirtualAgility.

## PERSONAL JURISDICTION AND VENUE

17. VirtualAgility incorporates and realleges the allegations contained in Paragraphs 1-16 above as if fully set forth herein.

18. This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.  The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (jurisdiction over patent actions).

19. Personal jurisdiction exists generally over Defendants pursuant to 28 U.S.C. § 1391 because they have sufficient minimum contacts with the forum as a result of business conducted within the state of Texas and within this District. Personal jurisdiction also exists specifically over Defendants because of Defendants' conduct in making, using, selling, offering to sell, and/or importing directly infringing products or services, and/or Defendants' contributory infringement or inducement of infringement within the State of Texas and within this District.

20. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), for the reasons set forth above and herein. Furthermore, venue is proper because Defendants conduct business within this District and/or solicit and establish online relationships with entities within this District, which include infringing products or services as discussed below. Each act of Defendants' directly or indirectly infringing conduct in this District gives rise to proper venue.

## VIRTUALAGILITY'S ASSERTED PATENT

21. VirtualAgility incorporates and realleges the allegations contained in Paragraphs 1-20 above as if fully set forth herein.

22. Through this civil action, VirtualAgility asserts direct and indirect infringement of one or more claims of U.S. Patent No. 8,095,413, entitled "Processing Management Information."

23. The '413 Patent was duly and legally issued by the U.S. Patent and Trademark Office to VirtualAgility on January 10, 2012 after full and fair examination. The '413 Patent issued from U.S. Patent Application Serial No. 09/312,740 filed on May 14, 1999.

24. VirtualAgility is the owner as assignee of all rights, title, and interest in and under the '413 Patent.

25. VirtualAgility has standing to sue for infringement of the '413 Patent.

26. VirtualAgility sells products embodying claims of the '413 Patent and marks its products and services as protected by the '413 Patent.

## COUNT I

## DEFENDANTS' DIRECT INFRINGEMENT OF THE '413 PATENT

27. VirtualAgility incorporates and realleges the allegations contained in Paragraphs 1-26 above as if fully set forth herein.

28. Each Defendant directly or through intermediaries is liable for infringing one or more claims of the '413 Patent. No Defendant has obtained permission from VirtualAgility to make, use, make available for another's use, offer to sell, sell, or import products, systems, or methods incorporating or practicing the inventions claimed in the '413 Patent.

29. Defendant Salesforce.com directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '413 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing cloud-based

Salesforce.com Software, including but not limited to "Sales Cloud" ("Accused Instrumentalities"). For example only and not as a limitation, Plaintiff contends that the Accused Instrumentalities directly infringe at least claim 1 of the '413 Patent as well as other claims, because the Accused Instrumentalities are systems for supporting management of collaborative activities that embody every element of claim 1, as well as other claims. Salesforce.com's infringing uses include, but are not limited to, using the Accused Instrumentalities for operational, developmental, testing, demonstration, sales, marketing, and/or other purposes. Salesforce.com's infringing activities include developing the Accused Instrumentalities in the United States. Salesforce.com also infringes the '413 Patent by selling and offering to sell the Accused Instrumentalities directly and via sales representatives, agents, channel partners, distributors, and resellers to consumers, businesses, distributors, and resellers including the Customer Defendants. Salesforce.com's infringement of the '413 Patent has caused substantial damage to VirtualAgility. Salesforce.com's infringing activities violate 35 U.S.C. § 271.

30. Defendant Dell directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '413 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing cloud-based Salesforce.com Software, including but not limited to the Accused Instrumentalities. For example only and not as a limitation, Plaintiff contends that the Accused Instrumentalities directly infringe at least claim 1 of the '413 Patent as well as other claims, because the Accused Instrumentalities are systems for supporting management of collaborative activities that embody every element of claim 1, as well as other claims. Dell's infringing uses include, but are not limited to, using the Accused

Instrumentalities. Dell's infringement of the '413 Patent has caused substantial damage to VirtualAgility. Dell's infringing activities violate 35 U.S.C. § 271.

31.     Defendant DRP directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '413 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing cloud-based Salesforce.com Software, including but not limited to the Accused Instrumentalities. For example only and not as a limitation, Plaintiff contends that the Accused Instrumentalities directly infringe at least claim 1 of the '413 Patent as well as other claims, because the Accused Instrumentalities are systems for supporting management of collaborative activities that embody every element of claim 1, as well as other claims. DRP's infringing uses include, but are not limited to, using the Accused Instrumentalities. DRP's infringement of the '413 Patent has caused substantial damage to VirtualAgility. DRP's infringing activities violate 35 U.S.C. § 271.

32.     Defendant Kimberly-Clark directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '413 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing cloud-based Salesforce.com Software, including but not limited to the Accused Instrumentalities. For example only and not as a limitation, Plaintiff contends that the Accused Instrumentalities directly infringe at least claim 1 of the '413 Patent as well as other claims, because the Accused Instrumentalities are systems for supporting management of collaborative activities that embody every element of claim 1, as well as other claims. Kimberly-Clark's infringing uses include, but are not limited to, using the Accused Instrumentalities. Kimberly-Clark's infringement of the

'413 Patent has caused substantial damage to VirtualAgility. Kimberly Clark's infringing activities violate 35 U.S.C. § 271.

33. Defendant NBC directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '413 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing cloud-based Salesforce.com Software, including but not limited to the Accused Instrumentalities. For example only and not as a limitation, Plaintiff contends that the Accused Instrumentalities directly infringe at least claim 1 of the '413 Patent as well as other claims, because the Accused Instrumentalities are systems for supporting management of collaborative activities that embody every element of claim 1, as well as other claims. NBC's infringing uses include, but are not limited to, using the Accused Instrumentalities. NBC's infringement of the '413 Patent has caused substantial damage to VirtualAgility. NBC's infringing activities violate 35 U.S.C. § 271.

34. Defendant LivingSocial directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '413 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing cloud-based Salesforce.com Software, including but not limited to the Accused Instrumentalities. For example only and not as a limitation, Plaintiff contends that the Accused Instrumentalities directly infringe at least claim 1 of the '413 Patent as well as other claims, because the Accused Instrumentalities are systems for supporting management of collaborative activities that embody every element of claim 1, as well as other claims. LivingSocial's infringing uses include, but are not limited to, using the Accused Instrumentalities. LivingSocial's infringement of the '413

Patent has caused substantial damage to VirtualAgility. LivingSocial's infringing activities violate 35 U.S.C. § 271.

35. Defendant FedEx directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '413 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing cloud-based Salesforce.com Software, including but not limited to the Accused Instrumentalities. For example only and not as a limitation, Plaintiff contends that the Accused Instrumentalities directly infringe at least claim 1 of the '413 Patent as well as other claims, because the Accused Instrumentalities are systems for supporting management of collaborative activities that embody every element of claim 1, as well as other claims. FedEx's infringing uses include, but are not limited to, using the Accused Instrumentalities. FedEx's infringement of the '413 Patent has caused substantial damage to VirtualAgility. FedEx's infringing activities violate 35 U.S.C. § 271.

36. Defendant BMC directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '413 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing cloud-based Salesforce.com Software, including but not limited to the Accused Instrumentalities. For example only and not as a limitation, Plaintiff contends that the Accused Instrumentalities directly infringe at least claim 1 of the '413 Patent as well as other claims, because the Accused Instrumentalities are systems for supporting management of collaborative activities that embody every element of claim 1, as well as other claims. BMC's infringing uses include, but are not limited to, using the Accused

Instrumentalities. BMC's infringement of the '413 Patent has caused substantial damage to VirtualAgility. BMC's infringing activities violate 35 U.S.C. § 271.

37.     The Accused Instrumentalities of each of the Customer Defendants are the same or substantially the same in respects relevant to the '413 Patent.  Each of the Accused Instrumentalities consists of Salesforce.com's cloud-based Software, including but not limited to "Sales Cloud."  Further, there are common links between the facts underlying each Defendant's infringement such as, without limitation, the accused products originate from one common Defendant – Salesforce.com, the Defendants' infringement is ongoing and therefore occurring during the same time period, and each of the Accused Instrumentalities are Salesforce.com products that have the same or substantially the same structure, function, and operation relative to the '413 Patent. Additionally, the Customer Defendants are in a business and contractual relationship with Salesforce.com.  As to their activities after the filing and service of the original Complaint in this lawsuit, Salesforce.com has induced customers of its cloud-based Salesforce.com Software, including but not limited to "Sales Cloud", to infringe the '413 Patent. Salesforce.com's induced customers include the Customer Defendants.

## COUNT II

### SALESFORCE.COM'S CONTRIBUTORY INFRINGEMENT

38.     VirtualAgility incorporates and realleges the allegations contained in Paragraphs 1-37 above as if fully set forth herein.

39.     Defendant Salesforce.com directly or through intermediaries has and continues to contributorily infringe (literally and/or under the doctrine of equivalents) one or more claims of the '413 Patent by, without limitation, providing, selling, and/or offering to sell the Accused Instrumentalities. The Accused Instrumentalities are not staple articles of commerce and have no

substantial non-infringing uses. Salesforce.com's actions contribute to the direct infringement of the '413 Patent by consumers, businesses, distributors, resellers, sales representatives, agents, channel partners, and the Customer Defendants, that use, sell, offer to sell, and/or import within the United States the Accused Instrumentalities. Salesforce.com's infringing activities violate 35 U.S.C. § 271.

## COUNT III

### SALESFORCE.COM'S INDUCEMENT OF INFRINGEMENT

40. VirtualAgility incorporates and realleges the allegations contained in Paragraphs 1-39 above as if fully set forth herein.

41. Defendant Salesforce.com directly or through intermediaries has and continues to induce infringement (literally and/or under the doctrine of equivalents) of one or more claims of the '413 Patent. Salesforce.com's deliberate actions include, but are not limited to, actively marketing to, encouraging use by, and instructing consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, and the Customer Defendants to use, promote, market, distribute, and/or sell the Accused Instrumentalities. These actions, individually and collectively, have induced and continue to induce the direct infringement of the '413 Patent by consumers, businesses, distributors, resellers, sales representatives, agents, channel partners, and the Customer Defendants. Salesforce.com's infringing activities violate 35 U.S.C. § 271.

## COUNT IV

### DEFENDANTS' WILLFUL INFRINGEMENT

42. VirtualAgility incorporates and realleges the allegations contained in the Paragraphs 1-41 above as if fully set forth herein.

43. The Defendants' infringement of the '413 Patent is willful to the extent that the filing and service of this Complaint gives the Defendants actual notice of their infringement, and they continue to make, use, make available for another's use, offer to license or license in the United States, sell or offer to sell, and/or import cloud-based Salesforce.com Software, including but not limited to the Accused Instrumentalities and/or continue to induce others such as the Customer Defendants and new customers of "Sales Cloud" to infringe the '413 Patent.

## VICARIOUS LIABILITY

44. VirtualAgility incorporates and realleges the allegations contained in Paragraphs 1-43 above as if fully set forth herein.

45. In addition to liability for their own independent conduct, the Defendants are also liable for the conduct of their subsidiaries, affiliates, and related entities under the doctrines of alter ego and single business enterprise, and under applicable state and federal statutes and regulations.

## INJUNCTION

46. VirtualAgility incorporates and realleges the allegations contained in Paragraphs 1-45 above as if fully set forth herein.

47. Defendants will continue to infringe the '413 Patent unless enjoined by this Court. VirtualAgility therefore requests that this Court enter an order under 35 U.S.C. § 283 preliminarily and permanently enjoining Defendants from continuing to make, use, sell, offer to sell, and/or import into the United States the Accused Instrumentalities and from further infringement, contributory infringement and/or inducing infringement of the '413 Patent.

**DAMAGES**

48.     VirtualAgility incorporates and realleges the allegations contained in Paragraphs 1-47 above as if fully set forth herein.

49.     Each Defendant's acts of infringement has caused substantial damage to VirtualAgility. As a direct and proximate consequence of each Defendant's unlawful acts and practices, VirtualAgility has been, is being, and will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

50.     Each Defendant is liable to VirtualAgility for such infringement, and as a result, VirtualAgility seeks recovery of the following damages:

51.     VirtualAgility seeks damages to adequately compensate it for each Defendant's infringement of the '413 Patent. Such damages should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284. Such damages should include treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final Judgment with an accounting as needed.

52.     VirtualAgility further seeks recovery of its reasonable attorneys' fees and expenses under 35 U.S.C. § 285. VirtualAgility further seeks pre-judgment and post-judgment interest at the maximum rate permitted by law.

**PRAYER FOR RELIEF**

53.     VirtualAgility is entitled to and prays for relief on all claims as follows:

54.     A judgment that the '413 Patent is infringed, directly and/or indirectly, either literally and/or under the doctrine of equivalents, by each Defendant;

55. A judgment and order preliminarily and permanently enjoining each Defendant, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, from continuing to make, use, sell, offer for sale, or import any products or services that infringe the '413 Patent, and from contributing to or inducing infringement of the '413 Patent by others;

56. A judgment and order requiring each Defendant to pay VirtualAgility all damages adequate to compensate for each Defendant's infringement of the '413 Patent including treble damages for willful infringement under 35 U.S.C. § 284, and in no event less than a reasonable royalty;

57. A judgment and order requiring each Defendant to pay VirtualAgility pre-judgment and post-judgment interest at the maximum rate permitted by law on the damages awarded;

58. A judgment and order finding this case to be an exceptional case and requiring each Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

59. Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

60. VirtualAgility hereby requests a trial by jury on each claim for relief alleged in this Complaint.

Dated: January 4, 2013

Respectfully submitted,

_/s/ D. Neil Smith_

**D. NEIL SMITH,** Attorney in Charge
TEXAS STATE BAR NO. 00797450
**EDWARD CHIN**
TEXAS STATE BAR NO. 50511688
**ANDREW J. WRIGHT**
TEXAS STATE BAR NO. 24063927
**KIRK VOSS**
TEXAS STATE BAR NO. 24075229
**NIX PATTERSON & ROACH, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@me.com
andrewjwright@me.com
kirkvoss@me.com

**DEREK GILLILAND**
TEXAS STATE BAR NO. 24007239
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389 (facsimile)
dgilliland@nixlawfirm.com

**ATTORNEYS FOR PLAINTIFF
VIRTUALAGILITY, INC.**