IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTUALAGILITY, INC. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:13-CV-11-JRG |
| SALESFORCE.COM, INC., DELL, INC. | § | |
| DR. PEPPER SNAPPLE GROUP, INC., | § | |
| KIMBERLY-CLARK CORP., | § | |
| NBCUNIVERSAL, INC., | § | |
| LIVINGSOCIAL, INC., FEDEX CORP., | § | JURY TRIAL DEMANDED |
| FEDEX CORPORATE SERVICES, | § | |
| INC., BMC SOFTWARE, INC., BANK | § | |
| OF AMERICA CORPORATION, BANK | § | |
| OF AMERICA NATIONAL | § | |
| ASSOCIATION, MERRILL LYNCH & | § | |
| CO. INC., and MERRILL LYNCH, | § | |
| PIERCE, FENNER & SMITH | § | |
| INCORPORATED, | § | |
| | § | |
| *Defendants.* | | |

**VIRTUALAGILITY'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT
PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... i

TABLE OF EXHIBITS ............................................................................................................. ii

I.      INTRODUCTION .......................................................................................................... 1

II.     ARGUMENT & AUTHORITIES ................................................................................. 3

        A.      **A complaint need only contain enough allegations of fact
                to state a claim to relief that is plausible on its face** ............................................ 3

        B.      **The Amended Complaint states a plausible claim for relief
                as to willful infringement with respect to each Defendant** ................................. 4

        C.      **The Amended Complaint states a plausible claim for relief
                as to indirect infringement as to Salesforce and Dell** ......................................... 6

                1.  The Amended Complaint states a plausible claim for relief
                    as to contributory infringement as to Salesforce and Dell ................................ 7

                2.  The Amended Complaint states a plausible claim for relief
                    as to inducement of infringement as to Salesforce and Dell ............................. 9

        D.      **The Amended Complaint states a plausible claim for relief
                as to vicarious liability** ...................................................................................... 11

III.    CONCLUSION ............................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Achates Reference Publishing, Inc. v. Symantec Corp.,* Civ. No. 2:11-cv-294-JRG,
    2013 U.S. Dist. LEXIS 27143 (E.D. Tex. Jan. 10, 2013) ..............................................11

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)......................................................3, 5, 7, 12

*Bell Atlantic v. Twombly,*
    550 U.S. 544 (2007).................................................................................................2, 6, 9

*CoreBrace LLC v. Star Seismic LLC,*
    566 F.3d 1069 (Fed. Cir. 2009) ......................................................................................3

*DSU Med. Corp. v. JMS Co., Ltd.,*
    471 F.3d 1293 (Fed. Cir. 2006) ....................................................................................10

*Global-Tech Appliances v. SEB S.A.,*
    131 S. Ct. 2060, 179 L. Ed. 2d 1167 (2011) ...................................................................9

*InMotion Imagery Tech. v. Brain Damage Films,* Civ. No. 2:11-CV-414-JRG,
    2012 U.S. Dist. LEXIS 112630 (E.D. Tex. Aug. 10, 2012) ...............................6, 9, 10, 14

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.,*
    681 F.3d 1323 (Fed. Cir. 2012) ...............................................................................7, 8, 9

*In re Katrina Canal Breaches Litig.,*
    495 F.3d 191 (5th Cir. 2007) ..........................................................................................4

*Jones v. Bock,*
    549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)........................................3

*Lochner Techs. v. AT Labs Inc.,* Civ. No. 2:11-CV-242-JRG,
    2012 U.S. Dist. LEXIS 92924 (E.D. Tex. July 5, 2012) ............................................7, 10

*Lodsys, LLC v. Brother Int'l Corp.,* Civ. No. 2:11-CV-90-JRG,
    2012 U.S. Dist. LEXIS 31456 (E.D. Tex. March 8, 2012) .............................................4

*Lone Star Document Management, LLC v. Atalasoft, Inc.,* Civ. No. 2:11-CV-319-JRG,
    2012 U.S. Dist. LEXIS 129979 (E.D. Tex. Sept. 12, 2012) ....................................11, 14

*Lormand v. U.S. Unwired, Inc.,*
    565 F.3d 228 (5th Cir. 2009) .........................................................................................3

*Lowrey v. Texas A&M Univ. Sys.*,
 117 F.3d 242 (5th Cir. 1997) .......................................................................................3

*McZeal v. Sprint Nextel Corp.*,
 501 F.3d 1354 (Fed. Cir. 2007) ................................................................................3, 13

*Patent Harbor LLC v. DreamWorks Animation SKG, Inc.*, Civ. No. 6:11-cv-229,
 2012 U.S. Dist. LEXIS 114199 (E.D. Tex. July 27, 2012) ..........................................9, 10

**Rules**

Fed. R. Civ. P. 12(B)(6).................................................................................................. 1, 3, 4

Plaintiff VirtualAgility, Inc. ("VirtualAgility" or "Plaintiff") files this Response to Defendants' Joint Partial Motion to Dismiss for Failure to State a Claim (Dkt No. 34) ("Defendants' Motion"). In their Motion, Defendants seek dismissal of VirtualAgility's willful infringement and vicarious liability claims under Fed. R. Civ. P. 12(b)(6), and defendants Salesforce.com, Inc., ("Salesforce") and Dell, Inc. ("Dell") seek dismissal of VirtualAgility's indirect infringement claims of contributory infringement and inducement. For the reasons given below, this Court should deny Defendants' Motion.

## I. INTRODUCTION

In this action for patent infringement, the Defendants are accused of past and ongoing direct and/or indirect infringement of U.S. Patent No. 8,095,413 ("the '413 Patent"), titled "Processing Management Information," covering inventions by VirtualAgility's founder Douglas Beaven. *See* VirtualAgility's Amended Complaint (Dkt No. 22). VirtualAgility accuses the Defendants, either directly or through intermediaries, of infringing one or more claims of the '413 Patent by making, using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing cloud-based Salesforce.com Software, including but not limited to "Sales Cloud" and/or "Service Cloud" ("Accused Instrumentalities"). *Id.*, ¶¶ 20, 21, 32-47. VirtualAgility also accuses each Defendant of willful infringement to the extent that the filing and service of the original Complaint (Dkt No. 1) and the Amended Complaint gives the Defendants actual notice of their infringement, and they continue in their infringing activities. *Id.*, ¶¶ 54-55. Each Defendant is also accused of being liable "for the conduct of their subsidiaries, affiliates, and related entities under the doctrines of alter ego and single business enterprise." *Id.*, ¶¶ 56-57. As to VirtualAgility's allegations of contributory infringement and inducement of infringement, those infringement allegations have

been asserted only as to defendants Salesforce and Dell. *Id.*, ¶¶ 48-53. In their Motion, Defendants do not challenge the adequacy of VirtualAgility's Amended Complaint regarding Defendants' direct infringement of the '413 Patent, either as an independent allegation or as a prerequisite for the indirect infringement allegations, and do not challenge VirtualAgility's allegations regarding damages. Rather, their Motion is solely limited to attacking VirtualAgility's allegations regarding indirect infringement, vicarious liability, and willful infringement.

The primary issue for the Court to decide is whether VirtualAgility's Amended Complaint, when construed in the light most favorable to VirtualAgility and accepting all factual allegations as true, contains enough allegations of fact to state claims for relief as to willful infringement, vicarious liability, and indirect infringement (contributory infringement and inducement of infringement) that are plausible on their face. The Amended Complaint meets the pleading requirements outlined in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). VirtualAgility's factual allegations, when accepted as true and drawing reasonable inferences therefrom, make plausible VirtualAgility's claims for relief as to willful infringement, vicarious liability, and indirect infringement.

The Amended Complaint gives the Defendants sufficient notice of what they must defend against in this action. It is telling that the Defendants do not contend that they do not understand the indirect infringement and willful infringement allegations against them or that they have been prejudiced by any alleged defects in the Amended Complaint. Yet, despite understanding what it is that they must defend against and despite not having alleged or suffered any prejudice, the Defendants persist in their unreasonable demand that this Court dismiss VirtualAgility's indirect infringement and willful infringement claims. The Defendants' Motion is silent as to whether

they seek a dismissal with prejudice of VirtualAgility's willful infringement, vicarious liability, and indirect infringement allegations. A dismissal with prejudice is a drastic and permanent result that is unjustified and inappropriate given the early posture of this case.

For these reasons and as further explained below, the Court should deny the Defendants' Motion.

## II. ARGUMENT AND AUTHORITIES

VirtualAgility's Amended Complaint contains sufficient factual allegations to state plausible claims for relief as to willful infringement, vicarious liability, and indirect infringement.

### A. A complaint need only contain enough allegations of fact to state a claim to relief that is plausible on its face.

Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). "To survive a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A "patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).

When ruling on a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id*. (quotations and citations omitted). Providing more information to the Defendants than mere notice, the Amended Complaint contains sufficient allegations about the '413 Patent; examples of infringement by each Defendant (including names of infringing instrumentalities); a specific example of an infringed claim; and examples of how Salesforce and Dell contributed to and induced the infringement of the '413 Patent by others. *See* Amended Complaint (Dkt No. 22), ¶¶ 20, 21, 32-57. For example, the Complaint and the Amended Complaint allege that VirtualAgility, including its predecessor, has been in existence since 1998, that it sells and distributes software that, among other things, supports distributed team collaboration and knowledge delivery across an enterprise, that VirtualAgility owns multiple patents for its technology, and that the '413 Patent was filed in 1999 and issued a year before this litigation was filed. *See* Amended Complaint (Dkt. 22), ¶¶ 11-12. Taking VirtualAgility's factual allegations as true, the Amended Complaint meets the pleading requirements for VirtualAgility's claims of willful and indirect infringement and vicarious liability because VirtualAgility's factual allegations permit reasonable inferences to be drawn that provide plausible bases to support its claims for relief.

**B.     The Amended Complaint states a plausible claim for relief as to willful infringement with respect to each Defendant.**

"This Court has observed that . . . the bar for pleading willful infringement is not high." *Lodsys, LLC v. Brother Int'l Corp.,* Civ. No. 2:11-CV-90-JRG, 2012 U.S. Dist. LEXIS 31456, *16 (E.D. Tex. March 8, 2012). VirtualAgility's Amended Complaint, when construed in the

light most favorable to VirtualAgility and accepting all factual allegations as true, contains enough allegations of fact to state a plausible claim to relief as to willful infringement. As to every Defendant, the Amended Complaint alleges that "[t]he Defendants' infringement of the '413 Patent is willful to the extent that the filing and service of the original Complaint and this Amended Complaint gives the Defendants actual notice of their infringement, and they continue to make, use, make available for another's use, offer to license or license in the United States, sell or offer to sell, and/or import cloud-based Salesforce.com Software, including but not limited to the Accused Instrumentalities and/or continue to induce others such as the Customer Defendants and customers of "Sales Cloud" and/or "Service Cloud" to infringe the '413 Patent." *See* Amended Complaint (Dkt No. 22), ¶ 55. Each Defendant (except for FedEx Corporate Services, Inc., the Bank of America defendants, and the Merrill Lynch defendants, who were added later as parties in VirtualAgility's Amended Complaint, filed January 30, 2013) had knowledge of the '413 Patent and VirtualAgility's allegations of infringement as soon as they were served with VirtualAgility's Original Complaint, which was filed January 4, 2013. These facts and allegations, which are to be taken as true, support VirtualAgility's claim that Defendants knew about their infringement of the '413 Patent very soon after the filing of lawsuit against them and that, despite this knowledge, they chose to continue their infringing activities ("they continue to make, use, . . . sell or offer to sell, . . . cloud-based Salesforce.com Software, including but not limited to the Accused Instrumentalities and/or continue to induce others") such that VirtualAgility has a plausible claim for relief as to willful infringement.

Based on these assertions of fact, it is entirely plausible and a reasonable inference that each Defendant, upon learning of the lawsuit against it, reviewed the '413 Patent and compared its claims (particularly Claim 1, which was specifically cited in the Amended Complaint as

having been infringed) to their Accused Instrumentalities and concluded that infringement was likely, yet decided to conduct 'business as usual' and continued their accused infringing activities despite the considerable risk that that they were each infringing the '413 Patent. *Plausibility*, not probability, is the standard. *Iqbal*, 556 U.S. at 678 (noting that the standard is not "akin to a probability requirement"); *see also Twombly*, 550 U.S. at 556 ("[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."). The facts as asserted by VirtualAgility are sufficient to state a plausible claim for relief for willful infringement and therefore the Court should deny Defendants' Motion.

If the Court concludes that the Amended Complaint does not sufficiently allege facts to support a good faith basis for alleging willful infringement, then VirtualAgility requests permission to amend its Amended Complaint after additional factual support is uncovered during the course of discovery. *See InMotion Imagery Tech. v. Brain Damage Films*, Civ. No. 2:11-CV-414-JRG, 2012 U.S. Dist. LEXIS 112630, at *10-11 (E.D. Tex. Aug. 10, 2012) (dismissing plaintiff's willful infringement claim, but permitting plaintiff to move the Court for leave to supplement its Complaint if factual support for plaintiff's willful infringement claims are uncovered during the course of discovery).

### C. The Amended Complaint states a plausible claim for relief as to indirect infringement as to Salesforce and Dell.

As to defendants Salesforce and Dell, VirtualAgility accuses them of indirect infringement, specifically contributory infringement (Count II) and inducement of infringement (Count III). *See* Amended Complaint, at ¶¶ 48-53. VirtualAgility's indirect infringement claims are adequately plead.

### 1. The Amended Complaint states a plausible claim for relief as to contributory infringement as to Salesforce and Dell.

Salesforce and Dell contend that the Amended Complaint fails to adequately plead the requisite knowledge or lack of substantial non-infringing use to establish a claim for contributory infringement. Determining whether a complaint states a plausible claim for relief is a very "context-specific task." *Iqbal*, 556 U.S. at 679. As to knowledge of the patent, the Amended Complaint adequately pleads that Salesforce and Dell had knowledge of the '413 Patent from at least as early as the filing of the original Complaint. In paragraph 55 (page 18) of the Amended Complaint, VirtualAgility alleged in relevant part that, "The Defendants' infringement of the '413 Patent is willful to the extent that the filing and service of the original Complaint and this Amended Complaint gives the Defendants actual notice of their infringement . . ." The Amended Complaint also states that Salesforce and Dell "ha[ve] and *continue*[]to contributorily infringe . . . one or more claims of the '413 Patent." *See* Amended Complaint, at ¶¶ 49-50 (emphasis added). These allegations, when properly considered in context, provide a clear inference that Salesforce and Dell had knowledge of the '413 Patent for at least some time during the infringing period. In *Lochner v. AT Labs,* this Court denied dismissal of plaintiff Lochner's indirect infringement claims on nearly identical grounds. *Lochner Techs. v. AT Labs Inc.*, Civ. No. 2:11-CV-242-JRG, 2012 U.S. Dist. LEXIS 92924, *10 (E.D. Tex. July 5, 2012) ("However, this is not a basis to dismiss Lochner's indirect infringement claims; as it cannot be disputed that Lochner does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.").

As to the "no substantial non-infringing uses" prong of a cause of action for contributory infringement, "[a] plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*

*Transmission & Processing Sys. Patent Litig.,* 681 F.3d 1323, 1337 (Fed. Cir. 2012). Unlike in *Bill of Lading*, VirtualAgility's Amended Complaint does not allege facts that demonstrated that the Accused Instrumentalities *do* have substantial non-infringing uses, which in *Bill of Lading* was fatal to the plaintiff's contributory infringement allegation. *Id.*, at 1337-39 (Fed. Cir. 2012) ("Because the amended complaints actually make clear on their face that Appellee's products *do* have substantial non-infringing uses, R+L has not stated any claim for contributory infringement against any of the Appellees.").

In their Motion, neither Salesforce nor Dell argued that VirtualAgility's Amended Complaint affirmatively alleged facts that demonstrate the existence of substantial non-infringing uses. VirtualAgility's Amended Complaint pleads facts that allow an inference that the accused infringing "Sales Cloud" and "Service Cloud" instrumentalities have no substantial non-infringing uses. For example, VirtualAgility's factual allegations link the functionality and purposes of "Sales Cloud" and "Service Cloud" with Claim 1 of the '413 Patent, which the Amended Complaint identifies as an asserted infringed claim. *See* Amended Complaint, at ¶¶ 34-35 ("For example only and not as a limitation, Plaintiff contends that the Accused Instrumentalities directly infringe at least claim 1 of the '413 Patent as well as other claims, *because the Accused Instrumentalities are systems for supporting management of collaborative activities that embody every element of claim 1*, as well as other claims.") (emphasis added). These factual allegations were incorporated within VirtualAgility's contributory infringement allegations as noted in ¶ 48 of the Amended Complaint. These factual allegations and the absence of affirmative statements in the Amended Complaint suggesting or stating that there *are* substantial non-infringing uses, thus allow for the inference that the accused instrumentalities have no substantial non-infringing uses and that the accused products are 'especially made or

especially adapted for use in an infringement' of the '413 Patent. Accordingly, the Court should deny Defendants' Motion to Dismiss the contributory infringement claim.

### 2. The Amended Complaint states a plausible claim for relief as to inducement of infringement as to Salesforce and Dell.

Salesforce and Dell contend, incorrectly, that the Amended Complaint fails to adequately plead the requisite knowledge or intent to establish a claim for inducement of infringement.[1] This Court stated in *InMotion Imagery Techs.,* that to survive a motion to dismiss, a "Complaint must contain sufficient facts plausibly showing that Defendant specifically intended a third party to infringe the [] patent and knew the third party's acts constituted infringement." *InMotion Imagery Tech. v. Brain Damage Films*, Civ. No. 2:11-CV-414-JRG, 2012 U.S. Dist. LEXIS 112630, at *7-8 (E.D. Tex. Aug. 10, 2012) (quoting *Patent Harbor LLC v. DreamWorks Animation SKG, Inc.*, Civ. No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at 8 (E.D. Tex. July 27, 2012)). However, this requirement does not mean that the Plaintiff "must prove itself at the pleading stage." *Id*. While a plaintiff must include facts indicating an intention to cause infringement, it does not have to show that such these facts are probable. *In re Bill of Lading,* 681 F.3d at 1341 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) ("The plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal 'that the defendant is liable for the misconduct alleged.'").

Failing to allege pre-suit knowledge of the patent "is not a basis to dismiss [Plaintiff's] indirect infringement claims; as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the

---

[1] "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances v. SEB S.A.*, 131 S. Ct. 2060, 2068, 179 L. Ed. 2d 1167 (2011); *In re Bill of Lading*, 681 F.3d at 1339.

infringing period." *Id*. (quoting *Lochner Technologies*, 2012 U.S. Dist. LEXIS 92924, 2012 WL 2595288 at *3; *see also Bill of Lading*, 681 F.3d at 1345-46). In this case, there can be no dispute that Salesforce and Dell has actual notice of the '413 Patent at least as of the time of the filing of this lawsuit. Other pleaded facts regarding VirtualAgility's sale of products and patenting of its technology for over a dozen years before filing of the Complaint further support a reasonable inference of defendants' prior knowledge of VirtualAgility's patents.

It is not necessary to provide detailed factual support for each element of inducement. *InMotion Imagery Tech.*, 2012 U.S. Dist. LEXIS at *7-8 (citing *Patent Harbor*; 6:11-cv-229 at 8, 2012 U.S. Dist. LEXIS 114199; *Bill of Lading*, 681 F.3d at 1336). VirtualAgility's Amended Complaint states that after the filing of the lawsuit, the Defendants "continue to induce others such as the Customer Defendants and customers of 'Sales Cloud' and/or 'Service cloud' to infringe the '413 Patent." *See* Amended Complaint, at ¶ 55. To state a claim for induced infringement, allegations of:

> [A]ctive steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged overcomes the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful purpose.

*DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). Therefore, "if an entity offers a product with the object promoting its use to infringe, as shown by clear expression or other affirmative steps taken to foster infringement, it is then liable for the resulting acts of infringement by third parties." *Id*. Here, VirtualAgility alleges that Salesforce and Dell induced infringement through their deliberate marketing efforts; specifically, by encouraging use of the Accused Instrumentalities. *See* Amended Complaint, at ¶¶ 52-53 (stating that Salesforce's and Dell's "*deliberate actions* include . . . *actively* marketing to, encouraging use by, and instructing

consumers, businesses . . . and the Customer Defendants to use . . . sell and/or offer to sell the Accused Instrumentalities" and that "these actions . . . have induced and *continue to induce* the direct infringement of the '413 Patent.") (emphasis added); *see also Achates Reference Publishing, Inc. v. Symantec Corp.,* Civ. No. 2:11-cv-294-JRG, 2013 U.S. Dist. LEXIS 27143, *10-11 (E.D. Tex. Jan. 10, 2013) (denying motion to dismiss plaintiff's claim for induced infringement wherein "Symantec has had knowledge of the patent, as well as knowledge that the use of the activation component infringes the asserted patents, since at least the time of the filing of the Complaint. Because the Complaint alleges that the infringement is ongoing, it is plausible that some induced infringement has occurred during the pendency of this case. Therefore, the Court finds that Complaint alleges sufficient facts to show a plausible claim for induced infringement."); *Lone Star Document Management, LLC v. Atalasoft, Inc.,* Civ. No. 2:11-CV-319-JRG, 2012 U.S. Dist. LEXIS 129979, *10 (E.D. Tex. Sept. 12, 2012) (finding that plaintiff met the requirements to maintain a claim of indirect infringement by inducement in alleging that defendant "had purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Eastern District of Texas.").

These allegations, read together and in context of the entire Amended Complaint, suffice to adequately plead inducement of infringement. Accordingly, the Court should deny Defendants' Motion to Dismiss the inducement of infringement claim.

**D.     The Amended Complaint states a plausible claim for relief as to vicarious liability.**

As to every Defendant, VirtualAgility alleges in its Amended Complaint that,

56.     VirtualAgility incorporates and realleges the allegations contained in Paragraphs 1-55 above as if fully set forth herein.

> 57. In addition to liability for their own independent conduct, the Defendants are also liable for the conduct of their subsidiaries, affiliates, and related entities under the doctrines of alter ego and single business enterprise, and under applicable state and federal statutes and regulations.

*See* Amended Complaint (Dkt No. 22), ¶¶ 56-57. Defendants contend that VirtualAgility "pleads no facts at all" to support its vicarious liability theories. Defendants' Motion, at 8. Their allegation is incorrect. The first sentence of VirtualAgility's vicarious liability allegation expressly incorporates by reference all prior factual allegations of VirtualAgility's Amended Complaint. *See* Amended Complaint (Dkt No. 22), ¶ 56. Thus, VirtualAgility incorporated all the factual allegations elsewhere in the Amended Complaint about the accused instrumentalities, identifying Claim 1 as a claim that is being infringed, and identifying and describing the activities of defendants that, through the application of common sense and reasonable inferences, are subsidiaries, affiliates, or related entities of each other (e.g., FedEx Corporation and FedEx Corporate Services, Inc.; Bank of America Corporation and Bank of America, National Association; Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith, Inc.). These are just examples of the expressly incorporated facts that are relevant to VirtualAgility's vicarious liability allegations.

Furthermore, a plain reading of VirtualAgility's vicarious liability allegation shows precisely the basis of that claim. VirtualAgility alleges that the Defendants are liable for the infringing conduct of their subsidiaries, affiliates, and related entities. *Id.* Just as with VirtualAgility's indirect infringement allegations, VirtualAgility's vicarious liability allegations allow this Court to follow easily the Supreme Court's guidance and apply its "judicial experience and common sense" to "draw the reasonable inference that the Defendant[s are] liable for the misconduct alleged." *See Iqbal*, 129 S. Ct. at 1949-1950.

VirtualAgility's Amended Complaint "need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). The Defendants do not contend that they do not understand or lack notice concerning VirtualAgility's vicarious liability allegations. They clearly *do* understand the vicarious liability allegations against them, and the proof is found in Defendants' own words. In the last sentence of footnote 1 to Defendants' Motion, they admit that they already know how they will answer the allegations in VirtualAgility's Amended Complaint – "Defendants *will* answer and *deny* all claims remaining after disposition of this motion within the timeframe set by FRCP 12(a)(4)." Defendants' Motion, at 2, fn. 1 (emphasis added). If Defendants truly lacked notice or understanding about the allegations that they must defend against, then how can the Defendants already state unequivocally, before knowing if the Court will dismiss any of the claims at issue, that they "*will* answer and *deny* all claims" in VirtualAgility's Amended Complaint? In stating that they *will* deny all claims in VirtualAgility's Amended Complaint before this Court has even ruled on their Motion, the Defendants are necessarily conceding that the Amended Complaint pleads facts sufficient to place the Defendants on notice as to what they must defend with respect to VirtualAgility's vicarious liability claim and the other claims at issue. For these reasons, the Court should deny Defendants' Motion to dismiss VirtualAgility's vicarious liability claim.

## III. CONCLUSION

For the foregoing reasons, VirtualAgility respectfully requests that this Court deny Defendants' Motion. If the Court is inclined to dismiss any aspect of VirtualAgility's indirect infringement, willful infringement, and vicarious liability claims, then any such dismissal should be without prejudice and should accord VirtualAgility the opportunity to amend its Amended

Complaint.[2] VirtualAgility contends that it has satisfied its burden to plead sufficient factual bases for all of its claims in the Amended Complaint. As such, Defendants' Motion should be denied.

Dated: April 30, 2013

Respectfully submitted,

*/s/ D. Neil Smith*

**D. NEIL SMITH,** Attorney in Charge
TEXAS STATE BAR NO. 00797450
**EDWARD CHIN**
TEXAS STATE BAR NO. 50511688
**ANDREW J. WRIGHT**
TEXAS STATE BAR NO. 24063927
**KIRK VOSS**
TEXAS STATE BAR NO. 24075229
**NIX PATTERSON & ROACH, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
dneilsmith@mac.com
edchin@me.com
andrewjwright@me.com
kirkvoss@me.com

**DEREK GILLILAND**
TEXAS STATE BAR NO. 24007239
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)

---

[2] *Lone Star Document Management,* Civ. No. 2:11-cv-319-JRG, 2012 U.S. Dist. LEXIS 129979, *10 (E.D. Tex. Sept. 12, 2012) (granting plaintiff leave to amend its Complaint so that it may re-plead its claims of contributory infringement); *InMotion Imagery Tech. v. Brain Damage Films*, Civ. No. 2:11-CV-414-JRG, 2012 U.S. Dist. LEXIS 112630, at *10-11 (E.D. Tex. Aug. 10, 2012) (dismissing plaintiff's willful infringement claim, but permitting plaintiff to move the Court for leave to supplement its Complaint if factual support for plaintiff's willful infringement claims are uncovered during the course of discovery).

903.645.5389 (facsimile)
dgilliland@nixlawfirm.com

**ATTORNEYS FOR PLAINTIFF**
**VIRTUALAGILITY, INC.**

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and was served on all counsel who are deemed to have consented to electronic service via the Court's CM/ECF system on this the 30th day of April 2013