# EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTUALAGILITY, INC. | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| SALESFORCE.COM, INC., DELL, INC. | § | |
| DR. PEPPER SNAPPLE GROUP, INC., | § | |
| KIMBERLY-CLARK CORP., | § | |
| NBCUNIVERSAL, INC., | § | |
| LIVINGSOCIAL, INC., FEDEX CORP., | § | CIVIL ACTION NO. 2:13-CV-11-JRG |
| FEDEX CORPORATE SERVICES, | § | |
| INC., BMC SOFTWARE, INC., BANK | § | |
| OF AMERICA CORPORATION, BANK | § | |
| OF AMERICA NATIONAL | § | |
| ASSOCIATION, MERRILL LYNCH & | § | |
| CO. INC., and MERRILL LYNCH, | § | |
| PIERCE, FENNER & SMITH | § | |
| INCORPORATED, | § | |
| | § | |
| *Defendants.* | | |

## DECLARATION OF MICHAEL P.C. CARNS

I, Michael P.C. Carns, hereby declare as follows:

1.  My name is Michael Patrick Chamberlain Carns. I submit this declaration in connection with VirtualAgility, Inc.'s Response to Defendants' Joint Motion to Transfer Venue to the United States District Court for the Northern District of California. I make this declaration based on my personal knowledge. I am over the age of eighteen, and I am competent to testify as to the matters set forth herein if called upon to do so.

2.  I am a retired general with the United States Air Force. My last position in the Air Force was Vice Chief of Staff of the United States Air Force, and I was stationed in

Washington, D.C. I held that position from 1991 until 1994 when I retired. Other positions that I held while in the Air Force include: Director of Operations for the United States Central Command at MacDill Air Force Base; Deputy Chief of Staff for Operations and Intelligence for the Pacific Air Forces at Hickam Air Force Base; Commander of the 13th Air Force based at Clark Air Base in the Philippines; Deputy Commander and Chief of Staff of the United States Pacific Command based at Camp H.M Smith; and Director of the Joint Staff based at the Pentagon in Washington, D.C.

3. I currently serve on the Board of Directors for VirtualAgility, Inc. ("VirtualAgility"), where I advise the company on general business issues, particularly issues related to business and potential business with the U.S. Government, to include the military.

4. I am not, and have never been, involved in the development of VirtualAgility's technology or its products, and I have no personal knowledge of the engineering involved in that technology or those products. I likewise am not, and have never been, involved in the development of VirtualAgility's intellectual property, including its patents. My role has been limited to that of an advisor typical of a member of a company's Board of Directors.

5. I am currently a Special Government Employee (SGE) with the National Security Agency ("NSA"), where my work involves matters of national security. I work at the NSA headquarters, which are located at Fort Meade, Maryland in the greater Washington, D.C. area. I am also associated with the National Defense University as a Senior Fellow and travel extensively, particularly overseas, in connection with this appointment.

6. I understand that my residence in California has been raised by Defendants as an issue that is relevant to the court's determination of the Defendants' Motion to Transfer Venue. I do have a residence in Pebble Beach, California. However, because of my workplace location in

the greater Washington, D.C. area and the related travel requirements, I spend the vast majority of my weekdays outside California rather than at my residence address.

7. To the extent that I am required to testify at deposition or trial in this case, my availability will be determined primarily by my work obligations. Because my work involves matters of national security and extensive travel, my schedule is very limited. I understand that the Defendants have argued to this Court that my residence in California weighs in favor of transferring this case from the Eastern District of Texas to the Northern District of California. However, I do not believe that my California residence should weigh in favor of transferring the case to Northern California because, as explained earlier, I do not have personal knowledge or involvement in the development of VirtualAgility's technology and intellectual property; I travel extensively away from my California residence; I am more often at my workplace location in Washington, D.C. than at my California residence; and my workplace location in the Washington, D.C. area is much closer to Texas than Northern California.

8. Based on my travel and work schedule, if I am required to testify at trial in this case, it is far more likely than not that I will be traveling to the trial from my workplace location in the greater Washington, D.C. area or from a location other than Northern California. The assertion that appearing for trial, if necessary, in Northern California is necessarily more convenient for me is therefore inaccurate and incorrect.

Executed this 21st day of May, 2013.

_____
Michael P.C. Carns