**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| VIRTUALAGILITY., | |
| Plaintiff, | |
| v. | Civil Action No. 2: 13-cv-00011-JRG-RSP |
| SALESFORCE.COM, INC. ET AL | |
| Defendants. | |

**DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS PURSUANT TO**
**SECTION 18(b) OF THE AMERICA INVENTS ACT**

# TABLE OF CONTENTS

**Page(s)**

I.  INTRODUCTION ..........................................................................................1

II.  FACTUAL BACKGROUND ........................................................................3

       1.  This Litigation is in its Infancy..............................................3

       2.  Defendants' Petition for CBM Review........................................3

       3.  The Bases for Invalidity in Defendants' CBM Review Petition.................4

III.  ARGUMENT................................................................................................5

    A.  Congress Has Strongly Encouraged Stay of Litigation Pending CBM Review ..........................................................................................5

    B.  All Four Statutory Factors Strongly Favor a Stay......................................7

       1.  A Stay is Appropriate Because CBM Review Will Simplify—or Eliminate—Issues for Trial..........................................................7

       2.  The Very Early Stage of Litigation Favors a Stay.......................................9

       3.  A Stay Will Not Unduly Prejudice VirtualAgility or Present a Clear Tactical Advantage to Defendants ......................................9

       4.  Stay of Litigation Will Reduce the Burden of Litigation on the Parties and the Court................................................................11

IV.  CONCLUSION.............................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612 (E.D. Tex. 2007) ...................................7

*BarTex Research, LLC v. FedEx Corp.*, 611 F. Supp. 2d 647 (E.D. Tex. 2009)....................10, 11

*Biax Corp. v. Fujitsu Computer Sys. Corp.*, No. 2:06-cv-364 (TJW), 2007 WL
614187 (E.D. Tex. Feb. 26, 2007) ...........................................................................9

*Convergence Techs. (USA), LLC v. Microloops Corp.*, No. 5:10-cv-02051-EJD,
2012 WL 1232187 (N.D. Cal. Apr. 12, 2012) ...................................................10

*CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146 (Fed. Cir. 1997) ...........................................7

*Datatreasury Corp.v. Wells Fargo & Co.,* 490 F. Supp. 2d 749 (E.D. Tex. 2006)....................7, 9

*Duco, Inc. v. Aker Solution US, Inc.*, No. H-11-2858, 2012 WL 2847469 (S.D.
Tex. July 10, 2012) .............................................................................................10

*EMG Tech., LLC v. Apple, Inc.*, No. 6:09-cv-367, 2010 U.S. Dist. LEXIS 144656
(E.D. Tex. Nov. 15, 2010) ...............................................................................9, 11

*Gould v. Control Laser Corp.*, 705 F.2d 1340 (Fed. Cir. 1983) ....................................................7

*Inogen, Inc. v. Inova Labs, Inc.*, SACV No. 11-1692-JST (ANx), 2012 WL
4748803 (C.D. Cal. Mar. 20, 2012) ..................................................................10

*Magna Donnelly Corp. v. Pilkington N. Am., Inc.*, No. 4:06-cv-126, 2007 WL
772891 (W.D. Mich. Mar. 12, 2007) ..................................................................9

*Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*, No. 12-780-GMS, 2013 WL
443973 (D. Del Feb. 5, 2013) ....................................................................2, 9, 11

*Pacific Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061
(W.D. Wash. 2011) ............................................................................................10

*Photoflex Products, Inc. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 WL
1440363 (N.D. Cal. May 24, 2006) ..................................................................10

*Polaris Indus., Inc. v. BRP U.S. Inc.*, No. 12-01405 ADM/SER, 2012 WL
5331227 (D. Minn. Oct. 29, 2012)....................................................................10

*Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*, No. 1:10-cv-01370, 2013 WL
1662952 (N.D. Ohio Apr. 17, 2013)............................................................2, 11

*Research In Motion Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011 (N.D. Cal. 2008)........................10

*Soverain Software LLC v. Amazon.com, Inc.,* 356 F. Supp. 2d 660
  (E.D. Tex. 2005) ..................................................................................................6, 11

## STATUTES

35 U.S.C § 101 ...................................................................................................1, 4

35 U.S.C. § 102 .......................................................................................................1

35 U.S.C. § 103 .......................................................................................................1

35 U.S.C. § 252 .......................................................................................................8

35 U.S.C. § 307(b) ..................................................................................................8

35 U.S.C § 321 ........................................................................................................3

35 U.S.C § 321(b) ...................................................................................................5

AIA § 18 ..................................................................................................................3

AIA § 18(a)(1)(D) ...................................................................................................8

AIA § 18(b) ....................................................................................................*passim*

AIA § 18(b)(1)(B) ...................................................................................................9

AIA § 18(b)(2) .........................................................................................................6

AIA § 18(d)(1) .........................................................................................................5

## RULES

77 Fed. Reg. 48756 (Aug. 14, 2012) ..................................................................4, 8

## MISCELLANEOUS

157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011) ..................................................2, 6

157 Cong. Rec. S1360 (daily ed. Mar. 8, 2011) ...............................................3, 6, 11

H.R. Rep. No. 112-98, pt. 1 (2011) ........................................................................1

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| "the '413 Patent" | refers to U.S. Patent No. 8,095,413 |
| "AIA" | refers to the America Invents Act |
| "CBM Review" | refers to the Transitional Program for Covered Business Method Patents |
| "Defendants" | refers to, collectively, defendants salesforce.com, Inc.; Dell, Inc.; Dr. Pepper Snapple Group, Inc.; NBCUniversal, Inc.; LivingSocial, Inc.; FedEx Corporation; FedEx Corporate Services, Inc.; BMC Software, Inc.; Bank of America Corporation; Bank of America, National Association; Merrill Lynch & Co., Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated; and Kimberly-Clark Corporation |
| "Ex. __" | refers to the indicated exhibit to the Declaration of Joel C. Boehm filed in support of this motion |
| "the Petition" | refers to the Petition for Covered Business Method Review of the '413 Patent filed by Salesforce on May 24, 2013 |
| "PTAB" | refers to the Patent Trial and Appeals Board |
| "Salesforce" | refers to salesforce.com, Inc. |
| "VirtualAgility" | refers to Plaintiff, VirtualAgility, Inc. |

I.      **INTRODUCTION**

Defendants hereby move, pursuant to Section 18(b) of the Leahy-Smith America Invents Act ("AIA"), to stay this litigation pending the Patent Trial and Appeal Board's ("PTAB") review of the validity of the '413 Patent.  Congress has recognized that the dot-com bubble of the late 1990's through early 2000's led to "poor business-method patents" and costly litigation. H.R. REP. NO. 112-98, pt. 1 at 54 (2011), Ex. A.  To address this problem, Congress instituted the Transitional Program for Covered Business Method Patents ("CBM Review"), effective September 16, 2012, to allow the Patent Office to assess business-method patents.

Pursuant to the AIA definition of "covered business method patent," the '413 Patent is a business-method patent directed to organizing and exchanging information between different people in a collaborative setting such as a business or business project.  On May 24, 2013, Salesforce filed a petition for CBM Review of the '413 Patent.  The Petition explains in detail why every claim of the '413 Patent is invalid under 35 U.S.C. § 102 in light of two different prior art references,[1] is invalid as obvious under § 103, and is invalid as being directed at abstract, unpatentable subject matter under 35 U.S.C § 101.  Ex. B.  Given the strength of the Petition, Defendants expect the PTAB to institute trial and cancel the claims of the '413 Patent.

Recognizing that it would be inefficient for parties to simultaneously litigate the validity of a patent both before the PTAB and before a district court and inefficient for the Court to consider a patent that may be cancelled by the PTAB, Congress enacted AIA § 18(b) to define a low burden to stay early litigation pending CBM review.  Under this statutory stay provision, Congress envisioned that "it is ***nearly impossible*** to imagine a scenario in which a district court

---

[1]      In particular, *Managing Projects with Microsoft Project 4.0* by Gwen Lowery (published in 1994), and U.S. Patent No. 5,761,674 to Kenji Ito (filed on August 27, 1997 and issued June 2, 1998), both anticipate the '413 Patent (filed May 14, 1999 with a May 7, 1999 provisional application) pursuant to 35 U.S.C. § 102.

would not issue a stay" during the pendency of a CBM Review.  157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011) (statement of Sen. Schumer) (emphasis added), Ex. C at S1053.  Thus, Congress established four criteria the Court should consider in deciding whether to enter a stay: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.  AIA § 18(b).

Here, each of these factors strongly supports granting a stay.  First, the '413 patent claims are clearly directed to an unpatentable abstract concept.  Moreover, Defendants' cited prior art falls squarely within the scope of the '413 Patent's claims.  Thus, Defendants expect the CBM Review to invalidate each claim of the '413 Patent and resolve this dispute without the need for any litigation in this Court.  And at a very minimum, CBM Review will eliminate this Court's need to address the prior art raised by the Petition.  Second, the case is in its infancy.  No discovery has occurred, and the Court has not yet set discovery or trial dates.  Third, a stay will not prejudice VirtualAgility.  Rather, delay by itself cannot be prejudicial especially where, as here, VirtualAgility has not sought any expedited relief.  Instead of prejudicing VirtualAgility, a stay will benefit the parties and the Court by narrowing or eliminating issues for trial and by providing the benefit of the PTAB's expert analysis.  Finally, granting a stay will reduce the burden of litigation on the parties and on the Court because it will relieve the parties from contesting in two forums, and the Court from deciding specific invalidity issues.

Although the CBM Review procedure is fairly new, two other district courts have already granted stays pursuant to AIA § 18(b).  *Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*, No. 12-780-GMS, 2013 WL 443973 (D. Del Feb. 5, 2013); *Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*, No. 1:10-cv-01370, 2013 WL 1662952 (N.D. Ohio Apr. 17, 2013).  This Court should do likewise.  As Congress explained, "Absent some ***exceptional circumstance***, the institution of

a business-methods proceeding—which requires a high up-front showing and will be completed in a relatively short period of time—should serve as a substitute for litigation, and result in a stay of co-pending district court litigation."  Ex. E at S1364 (statement of Sen. Schumer) (emphasis added).  This case presents no such "exceptional circumstances."  Indeed, this kind of early stage case is precisely the type that Congress intended to stay pursuant to Section 18(b).  Pursuant to Congress's mandate and in the best interest of judicial economy and the parties' resources, Defendants respectfully request that the Court stay these proceedings.

## II.    FACTUAL BACKGROUND

### 1.    This Litigation is in its Infancy

VirtualAgility filed its initial complaint on January 4, 2013 and amended its complaint on January 30, 2013 to add additional Defendants.  Dkt. Nos. 1, 22.  Although this case has many Defendants, the litigation is truly about Salesforce and VirtualAgility's patent; VirtualAgility's only accusation against Defendants is for direct and/or indirect infringement based on making, using, selling, licensing, or importing Salesforce products.  *Id*. at ¶¶ 34-47, 49-50, 52-53.  All Defendants filed a Joint Partial Motion to Dismiss for Failure to State a Claim on April 5, 2013 and filed a Joint Motion to Change Venue on April 22, 2013.  Dkt. Nos. 34, 49.  To date, the Court has not ruled on either of those two motions.  The Court has not set any scheduling or status conference.   No discovery has occurred.

### 2.    Defendants' Petition for CBM Review

On May 24, 2013, Salesforce filed a Petition for Post-Grant Review of the '413 Patent pursuant to 35 U.S.C. § 321 and § 18 of the Leahy-Smith America Invents Act.  Ex. B. Defendants filed their petition under the Transitional Program for Covered Business Method Patents—a program that, by statute, first went into effect on September 16, 2012.  CBM Review will enable expert PTAB administrative law judges to provide the parties with cost effective and swift adjudication of the '413 Patent's validity.

-3-

Under the statute, VirtualAgility may file a preliminary response with the Patent Office by no later than about August, 2013.  Then, the PTAB will determine whether or not to institute trial by at least November 2013.  *See* Office Patent Trial Practice Guide, 77 Fed. Reg. 48756 (Aug. 14, 2012), Ex. D at 48757.  After setting an expedited schedule, the PTAB will issue a final decision as to the '413 Patent's validity within one year from the date the trial is instituted—by no later than November 2014.  *Id.* at 48768.  For further reference, a representative timeline provided by the USPTO is reproduced below:



*Id.* at 48757.  As this timeline shows, the new CBM Review process will occur on a fast track as compared to the traditional *ex parte* or *inter partes* reexamination.

### 3.    The Bases for Invalidity in Defendants' CBM Review Petition

As detailed in Defendants' Petition, all claims of the '413 Patent are invalid in view of the cited prior art.  The Petition identifies two primary references that, alone or in combination with each other, disclose all elements of the '413 Patent's claims. Ex. B at 10-11, 20-74.

Additionally, the Petition explains why all the claims of the '413 Patent claim are invalid under 35 U.S.C. § 101 as being directed at unpatenable abstract ideas.  *Id.* at 15-20.  Considering the strength of the Petition, and especially considering the overlap between the '413 Patent and

the Petition's cited prior art, Defendants submit that the PTAB will very likely institute a CBM Review trial and ultimately invalidate all claims of the '413 Patent.

III.   <u>ARGUMENT</u>

    **A.**    **Congress Has Strongly Encouraged Stay of Litigation Pending CBM Review**

Under the newly-enacted CBM Review procedure, a party that has been sued for infringement may file a petition requesting the PTAB to consider the validity of an already-issued "covered business method patent."[2]  Under this program, "[a] petitioner in a post-grant review may request to cancel as unpatentable 1 or more claims of a patent on any ground that could be raised under paragraph (2) or (3) of section 282(b) (relating to invalidity of the patent or any claim)."  35 U.S.C § 321(b).

Pursuant to statute, an accused infringer pursuing CBM Review may seek a stay of litigation while review is pending.  AIA § 18(b).  The statute sets forth four criteria the Court should consider in deciding whether to enter a stay:

REQUEST FOR STAY.--

(1)  IN GENERAL.--If a party seeks a stay of a civil action alleging infringement of a patent . . . relating to a transitional proceeding for that patent, the court shall decide whether to enter a stay based on--

(A)  whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

(B)  whether discovery is complete and whether a trial date has been set;

(C)  whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

(D)  whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

---

[2]   "Covered business method patent" is defined in the AIA as "a patent that claims a method or corresponding apparatus for performing data processing or other operations used in the practice, administration, or management of a financial product or service, except that the term does not include patents for technological inventions."  AIA § 18(d)(1).

*Id.*  This is a different and substantially lower standard than the one followed by the Court in determining a stay pending a traditional reexamination.  *See., e.g., Soverain Software LLC v. Amazon.com, Inc., 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)* (not considering "whether a stay, or denial thereof, will reduce the burden of litigation on the parties and on the court").

Congress designed the four-factor test to "place[] a ***very heavy thumb*** on the scale in favor of a stay."  157 Cong. Rec. S1360 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer) (emphasis added), Ex. E at S1363; *see also id.* at S1379 (statement of Sen. Kyl) (noting the "congressional policy strongly favoring stays when proceedings are instituted under . . . section [18]").  Thus, "it is ***nearly impossible*** to imagine a scenario in which a district court would not issue a stay," (Ex. C at S1053 (statement of Sen. Schumer)) and denial of stay would require "an extraordinary and extremely rare set of circumstances not contemplated in any of the existing case law related to stays pending reexamination."  Ex. E at S1364 (statement of Sen. Schumer) (emphasis added).  "Absent some ***exceptional circumstance***, the institution of a business-methods proceeding—which requires a high up-front showing and will be completed in a relatively short period of time—should serve as a substitute for litigation, and result in a stay of co-pending district court litigation."  *Id.* (emphasis added).  Indeed, to ensure consistent application of the § 18(b) stay statute, the statute allows for "an immediate interlocutory appeal" of a stay decision to the United States Court of Appeals for the Federal Circuit.  AIA § 18(b)(2).

As explained below, the circumstances here favor a stay pending CBM Review and certainly do not present any "exceptional circumstance" to the "heavy thumb" that Section 18(b) places in favor of a stay.

-6-

B.    **All Four Statutory Factors Strongly Favor a Stay**

1.    **A Stay is Appropriate Because CBM Review Will Simplify—or Eliminate—Issues for Trial**

Courts have long recognized that staying litigation pending patent reexamination usually streamlines issues, and CBM Review is no different.  A major "purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."  *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).  "Courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated or lucidly narrowed by the patent reexamination process and the expertise of its officers."  *Anascape, Ltd. v. Microsoft Corp*., 475 F. Supp. 2d 612, 615 (E.D. Tex. 2007); *see also Datatreasury Corp.v. Wells Fargo & Co.,* 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006) ("[a]mended claims also have the potential for simplifying the issues that need to be litigated" and that "[n]arrowing claims would commensurately simplify the issues at trial").

The high likelihood of simplification of issues via a traditional *inter partes* reexamination—a patent cancellation procedure analogous to CBM Review—is instructive. Historically, *inter partes* reexamination results in a 42% chance that the patentee cancels or disclaims all claims of the patent and a 47% chance that the patentee amends claims.  Ex. F. Thus, there is only an 11% chance that patent claims emerge unscathed from *inter partes* reexamination.  Even then, the new prosecution history created during reexamination could alter the meaning of claim terms.  *CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997)  ("through statements made during prosecution or reexamination an applicant . . . may commit to a particular meaning for a patent term, which meaning is then binding in litigation"). In other words, in nearly any scenario, reexamination affects the substantive meaning of patent

-7-

claims, and it would be inefficient for the parties and the Court to move forward with litigation only to have the patent claims at issue invalidated, canceled, or changed.[3]

Here, the new CBM Review procedure has an equal or even greater chance of affecting the scope of the patent in comparison to the *inter partes* reexamination procedure.  As with reexamination, CBM Review may result in any or all of the claims being canceled or, if the PTAB permits, amendment of one or more claims by the patentee.  Ex. D at 48766. Additionally, CBM Review provides ample procedure for full and robust consideration of all validity issues raised; for example, the process permits oral argument, live testimony, and other discovery.  *See id.* at 48761-62, 48768.

Indeed, at a very minimum, CBM Review will eliminate any need for this Court to address the specific prior art raised by Salesforce's Petition.  "The petitioner . . . may not assert, either in a civil action arising in whole or in part under section 1338 of title 28, United States Code, or in a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 (19 U.S.C. 1337), that the claim is invalid on any ground that the petitioner raised during that transitional proceeding."  A.I.A. § 18(a)(1)(D).  Moreover, if this Court grants a stay pending CBM Review, *all other Defendants will agree to this same scope of statutory estoppel under A.I.A. § 18(a)(1)(D)*.  Thus, even in the unlikely event VirtualAgility's patent escapes CBM Review unchanged, the issues before this Court will still be simplified.

Because CBM Review will simplify, streamline, or completely eliminate this litigation, this factor weighs heavily in favor of a stay.

---

[3]     Moreover, if VirtualAgility is required to amend its claims in order to overcome the cited prior art, the amendments may give rise to intervening rights, mooting its allegations against Defendants.  *See* 35 U.S.C. §§ 252 & 307(b).

### 2.     The Very Early Stage of Litigation Favors a Stay

Defendants promptly filed their CBM Review petition, and this litigation is still at the earliest possible stage.  No conferences with the Court have occurred; no schedules have been set; and the Court has issued no substantive rulings.  Thus, this is the perfect time to grant a stay—before the Court or parties expend resources litigating patent claims that may not even exist following the expedited proceedings before the PTAB.  *See* AIA § 18(b)(1)(B); *see also Biax Corp. v. Fujitsu Computer Sys. Corp.*, No. 2:06-cv-364 (TJW), 2007 WL 614187 at *2 (E.D. Tex. Feb. 26, 2007) ("This suit is in the early stages. There has been no scheduling conference and the parties have not commenced discovery. Accordingly, this factor weighs in favor of a stay."); *Datatreasury Corp.,* 490 F. Supp. 2d at 755 (finding that a stay was appropriate even after discovery had started and a trial date was set); *EMG Tech., LLC v. Apple, Inc.*, No. 6:09-cv-367, 2010 U.S. Dist. LEXIS 144656, at *9 (E.D. Tex. Nov. 15, 2010) (where "litigation is still in its early stages and discovery has barely begun" the timing factor weighed in favor of stay).  Indeed, "[i]t would be difficult to conceive of a case in which this factor more strongly favored the issuance of a stay."  *Magna Donnelly Corp. v. Pilkington N. Am., Inc.*, No. 4:06-cv-126, 2007 WL 772891, at *4 (W.D. Mich. Mar. 12, 2007) (granting stay where reexamination was requested and stay was sought before case scheduling deadlines set).  Thus, this second factor heavily favors a stay.

### 3.     A Stay Will Not Unduly Prejudice VirtualAgility or Present a Clear Tactical Advantage to Defendants

VirtualAgility will not be unduly prejudiced by a stay.   In determining whether a plaintiff might be unduly prejudiced by a stay, one court which previously granted a stay pending a CBM review considered "the timing of the stay request, the timing of the administrative review request, the status of the review proceedings, and the relationship of the parties."  *Market-Alerts Pty. Ltd.,* 2013 WL 443973, at *5.  In this case, litigation is at an early stage, and Defendants are requesting a stay before answering the complaint.

-9-

"[D]elay in having [] claims adjudicated in court, does not, by itself, constitute undue prejudice." *Research In Motion Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008); *see also Duco, Inc. v. Aker Solution US, Inc.*, No. H-11-2858, 2012 WL 2847469, at *3 (S.D. Tex. July 10, 2012) ("delay, by itself, does not equate to prejudice"); *BarTex Research, LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 650 (E.D. Tex. 2009) (*citing Photoflex Products, Inc. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 WL 1440363, at *2 (N.D. Cal. May 24, 2006) ("The delay inherent to the reexamination process does not constitute, by itself, undue prejudice."); *Convergence Techs. (USA), LLC v. Microloops Corp.*, No. 5:10-cv-02051-EJD, 2012 WL 1232187, at *2-4 (N.D. Cal. Apr. 12, 2012) (general claim of delay is not enough on its own to be undue prejudice) (citations omitted).  Indeed, to the extent delay could be prejudicial, the prejudice is minimized here because CBM Review occurs in an expedited 12-month time-frame for trial under the AIA.

Also, VirtualAgility has not sought to expedite this action in any way.  This further suggests that a stay will not prejudice VirtualAgility.  *See Pacific Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1067 (W.D. Wash. 2011) (concluding that a stay would not be unduly prejudicial, in part because plaintiff had not sought any form of preliminary injunctive relief).  There is also no reason to believe that any delay could not be compensated monetarily. *See Inogen, Inc. v. Inova Labs, Inc.*, SACV No. 11-1692-JST (ANx), 2012 WL 4748803 (C.D. Cal. Mar. 20, 2012) (granting a motion to stay even when the parties are direct competitors.); *Polaris Indus., Inc. v. BRP U.S. Inc.*, No. 12-01405 ADM/SER, 2012 WL 5331227 (D. Minn. Oct. 29, 2012) (conclusory statements about sales are not enough to prove that monetary damages would be insufficient).  Accordingly, this third factor also weighs in favor of a stay.

## 4.    Stay of Litigation Will Reduce the Burden of Litigation on the Parties and the Court

The fourth factor of Section 18(b), "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court," is particularly important here.  When considering motions to stay litigation pending traditional reexamination, courts in this District generally did not consider this fourth factor.  *See Soverain Software LLC, 356 F. Supp. 2d at 662; BarTex Research, LLC,* 611 F. Supp. 2d at 650*; EMG Tech., LLC*, 2010 U.S. Dist. LEXIS 144656.  Congress adopted this fourth factor, noting: "Too many district courts have been content to allow litigation to grind on while a reexamination is being conducted, forcing the parties to fight in two fora at the same time.  This is unacceptable, and would be contrary to the fundamental purpose of the Schumer-Kyl amendment to provide a cost-efficient alternative to litigation."  Ex. E at S1364 (statement of Sen. Schumer).

Although Defendants are not aware of this Court addressing a motion to stay pending CBM Review, at least two other district courts have emphasized this factor in granting such motions.  In Delaware, Judge Sleet explained that Congress included this fourth factor, in part, "to ease the movant's task of demonstrating the need for a stay."  *Market-Alerts Pty. Ltd.,* 2013 WL 443973, at *2.  Similarly, Judge Pearson in Ohio noted that "[t]he fourth factor of the test was enacted to increase the likelihood that a stay would be granted."  *Progressive Cas. Ins. Co.*, 2013 WL 1662952, at *8.

Here, a stay will spare the parties the burden of litigating the validity of the '413 Patent in this Court and before the PTAB at the same time.  Likewise, CBM Review will reduce the Court's burden by allowing the PTAB to determine whether, in light of key prior art, the '413 Patent's claims as presently written should exist at all.  Also, a stay will spare the Court the burden of, for example, conducting claim construction with regard to patent claims that may be canceled or amended during the CBM Review process.  At a minimum, a stay will eliminate this Court's burden of considering the specific prior art considered during CBM Review.

Thus, all four statutory factors weigh heavily in favor of a stay, and there are no "exceptional circumstances" to offset the "heavy thumb" that Section 18(b) places in favor of a stay.  Rather than having the parties and the Court be burdened with dual-track and duplicative dispute resolution procedures, the Court should stay litigations pending CBM Review.

**IV.**   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court stay this litigation until the CBM Review is fully resolved.

Dated:  May 29, 2013

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/: Jose C. Villarreal
    Jose C. Villarreal
    State Bar No. 24003113
    jvillarreal@wsgr.com
    Joel C. Boehm
    State Bar No. 24069393
    jboehm@wsgr.com
    900 South Capital of Texas Highway
    Las Cimas IV, Fifth Floor
    Austin, TX 78746-5546
    Telephone:  (512) 338-5400
    Facsimile:   (512) 338-5499

    Larry L. Shatzer
    (*pro hac vice* to be filed)
    lshatzer@wsgr.com
    1700 K Street, NW
    Fifth Floor
    Washington, DC 20006
    Telephone:  (202) 973-8800
    Facsimile:   (202) 973-8899

**ATTORNEYS FOR DEFENDANTS, SALESFORCE.COM, INC.; DELL, INC.; DR PEPPER SNAPPLE GROUP, INC.; NBCUNIVERSAL, INC.; LIVINGSOCIAL, INC.; FEDEX CORPORATION; FEDEX CORPORATE SERVICES, INC.; BMC SOFTWARE, INC.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; MERRILL LYNCH & CO., INC.; AND MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED**

-13-

BAKER BOTTS L.L.P.

By: /s/: Darryl J. Adams
      Kevin J. Meek
      State Bar No. 13899600
      kevin.meek@bakerbotts.com
      Darryl J. Adams
      State Bar No. 00796101
      darryl.adams@bakerbotts.com
      98 San Jacinto Blvd., Suite 1500
      Austin, TX 78701
      Telephone:  (512) 322-2500
      Facsimile:   (512) 322-2501

      **ATTORNEYS FOR DEFENDANT,**
      **KIMBERLY-CLARK CORPORATION**


### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that I, Jose C. Villarreal, conferred regarding Defendants' Motion to Stay Proceedings with Edward Chin, NIX PATTERSON & ROACH, L.L.P., counsel for Plaintiff, who advised that Plaintiff is opposed to the motion.

      By:    /s/ Jose C. Villarreal
              Jose C. Villarreal

-14-

**CERTIFICATE OF SERVICE**

The undersigned certifies the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by US Mail on this the 29th day of May, 2013.

By:   /s/ Jose C. Villarreal