IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VIRTUALAGILITY, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 2:13-cv-00011-JRG |
| | § | |
| SALESFORCE.COM, INC., ET AL | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Stay Proceedings Pending Interlocutory Appeal. (Dkt. No. 127.) Having considered the parties' written submissions, the Court **DENIES** Defendants' motion.

**I. Background**

On January 9, 2014, the Court denied Defendants' Joint Motion to Stay Proceedings Pursuant to Section 18(b) of the Leahy-Smith American Invents Act ("AIA"), finding, among other things, that a stay would not substantially simplify issues in this case, but that it would unduly prejudice Plaintiff VirtualAgility, Inc. ("VirtualAgility" or "Plaintiff") – a direct competitor of Defendant Salesforce.com, Inc. ("Salesforce'). (*See* Dkt. No. 117.) Defendants filed a Notice of Appeal of the Court's order the next day. (Dkt. No. 121.) On January 17, 2014, Defendants, by the instant motion, again sought a stay of all proceedings. (Dkt. No. 127.) Defendants simultaneously filed another motion to stay all district court proceedings with the Federal Circuit.

1

This case is currently set for a *Markman* hearing on April 3, 2014. Pursuant to Local Patent Rule 4-3 ("P.R. 4-3"), the parties have submitted their joint claim construction and prehearing statement. (Dkt. No. 131.) On February 4, 2014, the Court granted Defendants leave to supplement the P.R. 4-3 disclosures, based primarily on a January 28, 2014 response filed by Plaintiff VirtualAgility in the co-pending Covered Business Method ("CBM") Review proceeding before the Patent Trial and Appeal Board ("PTAB"). (Dkt. No. 142.)

The Federal Circuit set an expedited briefing schedule for Defendants' appeal. On February 12, 2014, the Federal Circuit temporarily stayed the proceedings in this Court, pending its disposition of Defendants' motion to stay. (*See* Dkt. No. 145.)

**II. Applicable Law**

Courts consider four factors in deciding whether to enter a stay pending appeal: (1) whether the applicant has made a strong showing that he is likely to succeed on merits; (2) whether the applicant will be irreparable injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; (4) where the public interest lies. *Standard Havens Products, Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990). "Each factor, however, need not be given equal weight." *Id.* Indeed, "the four stay factors can effectively merge," in that the court "assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public." *Id.*.

**III. Analysis**

The Court will examine each of the applicable factors listed above, addressing the parties' specific arguments where applicable.

    **A. Defendants Have Failed to Make a Strong Showing that They are Likely to Succeed on The Merits of The Appeal**

Although Defendants purport to challenge this Court's order denying stay pending the

CBM review, Defendants' motion touches upon no specific findings the Court made in that order. Defendants generally rehash their previous argument that a stay pending CBM review will likely be granted in this case because several other district courts have granted stays. Defendants further argue that they are likely to succeed on the merits because the Federal Circuit bears the burden to "ensure[] harmonious application of AIA § 18(b) across district courts." (Dkt. No. 144 at 3.) However, the Federal Circuit does not decide cases by counting district court opinions like votes in an election. "[H]armonious application of AIA § 18 (b) across district courts" does not mean district courts must universally grant stays whenever a CBM review is instituted. That Congress instituted a four-factor test, rather than an automatic stay provision, under AIA § 18(b) speaks volumes about Congressional intent that such a stay is not a given but "must rest on the facts of each particular case." *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 2:13-CV-00011-JRG, 2014 WL 94371, at *2 (E.D. Tex. Jan. 9, 2014) (citing *Sightsound Techs., LLC v. Apple*, No. 11–1292, 2013 WL 2457284, at *1 (W.D. Penn. June 6, 2013)).

Defendants next point to a contingent motion to amend certain claims of the patent in suit, filed with the PTAB by Plaintiff VirtualAgility almost three weeks after this Court denied the stay pending CBM review. (*See* Dkt. No. 137-1.) Defendants argue that such motion supports the likelihood of their success on the merits of the appeal. The motion to amend did not exist at the time this Court issued the order now being appealed. Thus, evidence regarding the motion to amend was not part of the record before this Court. *See* Fed. R. App. P. 10(a). The parties dispute from the outset whether or not the Federal Circuit will consider such evidence. While "the record on appeal is generally limited to that which was before the district court," the authority and discretion to supplement the record lies with the Federal Circuit. *See Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1116 (Fed. Cir. 2000) (citing *Dakota Indus., Inc. v. Dakota*

*Sportswear, Inc.*, 988 F.2d 61, 63 (8th Cir. 1993)); *Dakota Indus.*, 988 F.2d at 63. Without resolving the parties' dispute and acknowledging that considering such additional evidence after this Court had ruled runs counter to the general rule as to completeness of the trial record on appeal, this Court assumes, *arguendo*, that the Federal Circuit will take into consideration evidence regarding Plaintiff's contingent motion to amend certain claims of the patent in suit.

That said, Defendants have failed to demonstrate that Plaintiff's contingent motion to amend supports their likelihood of success on the merits of the appeal. It is undisputed that Plaintiff's proposed amendments "are *strictly contingent* on the Board finding each respective original independent claim unpatentable." (Dkt. No 137-1 (emphasis added).) Defendants assert that the motion to amend "further underscores how issues are simplified (AIA factor 1), and burdens are reduced (AIA factor 4)," because, absent a stay, "this Court *could be* faced with new claims to construe on the eve of trial." (Dkt. No. 144 at 1 (emphasis added).) This result, however, will only occur if the PTAB finds some or all of the original independent claims unpatantable, thereby necessitating the proposed amendments. Defendants made no attempt at showing how such conditions triggering the amendments would likely arise. Nor have they challenged the Court's previous finding that cancellation of some or all the claims was unlikely, particularly in light of the PTO's extensive prior examination of the patent in suit and the single prior art reference now before the PTAB. (*See* Dkt. No. 117 at 9-10.) As with the previous motion to stay, Defendants once again base their argument on unsubstantiated speculation about certain amendments that may or may not make their way into the claims at issue. Without more, the Court is not persuaded that Plaintiff's filing of the contingent motion to amend "underscores how issues are simplified…and burdens are reduced." Likewise, Defendants allege, in conclusory fashion, that "the voluntary nature of the amendments speaks to AIA factor 3,

non-prejudice to [Plaintiff]," however, and they do so without explaining how filing of the contingent motion bears on the Court's previous finding that VirtualAgility would be severely prejudiced by a stay both in the market place and in this litigation. (*See* Dkt. No. 144 at 1; Dkt. No. 117 at 10-15.) In sum, Defendants have not attempted to challenge any of the specific findings this Court made in its previous order denying stay, and have failed to demonstrate the filing of Plaintiff's contingent motion to amend affects any aspect of the Court's previous analysis under AIA § 18(b). Even assuming, for purpose of argument, that the Federal Circuit might consider evidence regarding the contingent motion to amend, Defendants have made no showing, much less a strong showing, that they are likely to succeed on the merits of the appeal. *See Standard Havens Products*, 897 F.2d at 512. The first factor favors denying a stay.

### B. Defendants Have Not Demonstrated Irreparable Injury Absent a Stay

Defendants argue that they will suffer irreparable harm by proceeding to the April 3, 2014 *Markman* hearing, because (1) Plaintiff's proposed amendments, if and when adopted by the PTAB, may alter the meaning of certain original claim terms; and (2) Defendants will be deprived of the "full record of intrinsic evidence" should the *Markman* hearing proceed as scheduled, because Plaintiff "will make more statements" as the CBM review moves forward. This Court disagrees.

Defendants have failed to cite, and this Court is unaware of, any authority holding that attending a *Markman* hearing in the middle of a co-pending reexamination proceeding constitutes "irreparable injury." The Supreme Court has made it clear that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 244 (1980). The Court has granted Defendants leave to supplement their P.R. 4-3 disclosures with statements Plaintiff already made during the CBM

review. (*See* Dkt. No. 142.) To the extent any further statements of Plaintiff's or amendments to claims may affect the Court's claim construction, such is fully remediable with supplemental claim constructions.[1] Defendants have failed to demonstrate in any meaningful way that they will suffer irreparable injury absent a stay. *See Standard Havens Products*, 897 F.2d at 512. The second factor favors denying a stay.

### C. Injury to VirtualAgility Slightly Favors Denying a Stay

Defendants do not dispute the Court's previous finding that a prolonged stay would subject VirtualAgility to undue prejudice both in the market place and in this litigation. Defendants argue that VirtualAgility's own actions suggest a lack of harm, in that it has refused to expedite the CBM review and has filed substantive papers on the last possible day. The Court disagrees that such actions by VirtualAgility establishes the absence of harm. That VirtualAgility has filed substantive papers on the last possible day may suggest exactly the opposite – that the instant case and the patent in suit are of particular significance to VirtualAgility so that it has taken all the time available to prepare and polish its substantive filings.

That said, the Court agrees with Defendants that a stay pending interlocutory appeal with expedited briefing could be shorter than a stay pending CBM review. While VirtualAgility

---

[1] The parties have submitted nine disputed claim terms to be construed in the upcoming *Markman* hearing, while agreeing upon the meaning of three other claim terms. (*See* Dkt. Nos. 131, 131-1.) Defendants allege that Plaintiff's proposed amendments would alter the meaning of "storage device," "processor," and "interface." (*See* Dkt. No. 144 at 3.) "Interface" is a claim term the parties have agreed to mean "graphical user interface." (*See* Dkt. No. 131 at 2.) None of Plaintiff's proposed amendments affect such agreed meaning of the term "interface." (*See* Dkt. No. 137-1 at 4-8.) The parties' dispute regarding the meaning of "storage device" and "processor" centers on whether the claimed invention requires just a single (Defendants' position) or "one or more" (Plaintiff's position) processor/storage device. (*See* Dkt. No. 131-1 at 1-2.) Plaintiff's proposed substitute claim 28 includes an amendment to the original claim 7 which replaces "a data storage device" with "[o]ne or more servers comprising *at least one* non-transitory computer-readable *data storage device*, and *at least one processor*…" (Dkt. No. 137-1 at 6.) Such proposed amendment is consistent with the construction Plaintiff has urged this Court to adopt. Thus, if the Court sides with Plaintiff in construing "processor" and "storage device," the proposed amendment, if and when adopted by the PTAB, will only reinforce that construction. Inconsistency would only arise under the narrow contingency that this Court sides with Defendants in construing "processor" and "storage device," *and* the PTAB adopts Plaintiff's proposed substitute claim 28 after finding that the original claim 7 is unpatentable. If this does occur, the Court will consider holding a supplemental claim construction on these two terms to resolve the conflict. In any event, the proposed amendments would not alter the construction of the remaining seven disputed claim terms.

would suffer loss of market share to the accused infringer, erosion of goodwill, and the risk of losing potential key witness by a stay of any considerable duration, such harm is more limited during the pendency of the expedited interlocutory appeal than that of the CBM review. (*See* Dkt. No. 117 at 10-15.) The third factor weighs slightly in favor of denying a stay.

### D. The Public Interest Favors Denying a Stay

The public has a "general interest in the judicial protection of property rights in inventive technology." *Douglas Dynamics, LLC v. Buyers Products Co.*, 717 F.3d 1336, 1346 (Fed. Cir. 2013). In particular, where, as here, the parties are direct competitors in an emerging market, ensuring fair and healthy competition free from infringing conduct materially serves the public interest. *See id.* As the Court noted previously, a stay of any considerable duration would leave VirtualAgility – the originator of the technology – with no recourse against unauthorized use of its patented invention, and in fact would force it to "compete against products that incorporate and infringe" its own invention. (Dkt. No. 117 at 13 (citing *id.* at 1344).) Such runs directly counter to the public interest "in acquiring new technology through the protections provided by the Patent Act." *Douglas Dynamics*, 717 F.3d at 1346.

Defendants contend that "there is no public interest in protecting an invalid patent, or expending the parties and the Court's resources on moot litigation over invalid patent claims." (Dkt. No. 144 at 6.) This statement is both self-serving and premature. It is well-established that an issued patent enjoys a presumption of validity, which can only be overcome with "clear and convincing evidence." *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260 (Fed. Cir. 2012) ("The presumption of validity attaches to all issued patents and the clear and convincing evidence burden applies to all issued patents."). Here, neither this Court nor the PTAB has made any final determination regarding the validity of the patent in suit. Consequently, the patent in suit is

currently and remains valid. As such, the public's interest in judicial protection of the patent owner's property right also remains valid.

This Court is mindful that the Federal Circuit, in reviewing whether or not this case should be stayed, is tasked with ensuring that AIA § 18(b) is "consistently applied across cases and across the various district courts." 157 Cong. Rec. S1364 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer). However, the Federal Circuit's decision-making does not depend on whether the proceedings below are stayed pending appeal. Defendants have failed to demonstrate how this Court's denial of a stay pending interlocutory appeal would impede, in any way, the Federal Circuit's interest in the consistent application of AIA § 18(b) across the nation's district courts. The fourth factor therefore weighs against granting a stay.

### IV. Conclusion

For the reasons stated above, the Court hereby **DENIES** Defendants' Motion to Stay Pending Interlocutory Appeal (Dkt. No. 127).

This Court is aware that the Federal Circuit has temporarily stayed the proceedings in this case pending its disposition of Defendants' motion to stay on appeal. (*See* Dkt. No. 145.) This Court respectfully enters the instant order for the sole purpose of preserving the record. *See* Fed. R. App. P. 8(a)(1) ("A party must ordinarily move first in the district court for…a stay of the…order of a district court pending appeal…"); 8(a)(2)(A)(ii) ("[When a party has moved first in the district court, a] motion for the relief mentioned in Rule 8(a)(1)…must…state that…the district court denied the motion or failed to afford the relief requested and *state any reasons given by the district court for its action*.") (emphasis added). This Court does not suggest that this order affects or alters the temporary stay imposed by the Federal Circuit. Nor does this order affect the merits of the interlocutory appeal.

**So ORDERED and SIGNED this 27th day of February, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE